**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **v.** | **1:11-cr-426-WSD-CCH** |
| **SILVIU LEOVEUNU,** | |
| **Defendant.** | |

## OPINION AND ORDER

This matter is before the Court on Defendant's Motion for Reduction of Sentence [105].

### I.    BACKGROUND

On December 21, 2011, Defendant Silviu Leoveanu ("Defendant") pleaded guilty to three counts of wire fraud, one count of conspiracy to commit wire and mail fraud, and one count of using a false passport.  (See Judgment [92].)  On March 14, 2012, in accordance with the United States Sentencing Guidelines ("Sentencing Guidelines"), the Court sentenced Defendant to 33 months in prison. (Id.)  Defendant is currently serving his sentence.

On December 12, 2012, Defendant filed, *pro se*, his Motion for Reduction of Sentence.  Defendant requests a "sentence adjustment under fast track programs." Defendant, a "deportable alien," appears to argue that he is serving a sentence that

is more severe than that which would be imposed on a United States citizen.
Defendant does not otherwise describe or identify the "fast track programs" under
which he seeks a sentence reduction.[1]

## II.   DISCUSSION

The Court has jurisdiction to modify a term of imprisonment, after it has
been imposed, only where expressly permitted by 18 U.S.C. § 3582.  United States
v. Phillips, 597 F.3d 1190, 1194–95 (11th Cir. 2010).  The Court lacks "inherent
power" to re-sentence a defendant.  Id. at 1196–97.

Section 3582 authorizes the modification of a sentence

(1) where the Bureau of Prisons has filed a motion and either
extraordinary and compelling reasons warrant a reduction or the
defendant is at least 70 years old and meets certain other
requirements; (2) where another statute or Federal Rule of Criminal
Procedure 35 expressly permits a sentence modification; or (3) where
a defendant has been sentenced to a term of imprisonment based on a
sentencing range that was subsequently lowered by the Commission
and certain other requirements are met.

Id. at 1195 (internal citation omitted) (citing 18 U.S.C. § 3582(c)).  Rule 35

---

[1] In the 1990s, United States Attorneys' Offices and the Department of Justice
developed early disposition, or "fast track," programs as a matter of prosecutorial
discretion to handle increasingly large numbers of criminal immigration cases
arising along the southwestern border of the United States.  The Prosecutorial
Remedies and Other Tools to End the Exploitation of Children Today Act, Pub. L.
No. 108-66, 117 Stat. 650 (2003), harmonized these programs with the departure
provisions of the Sentencing Guidelines.  Defendant was prosecuted on other than
immigration offenses.

authorizes a sentence modification "[w]ithin 14 days after sentencing" to correct "arithmetical, technical, or other clear error" or, on the government's motion, to account for certain "substantial assistance."  Fed. R. Crim. P. 35(a)–(b).

Defendant's Motion for Reduction of Sentence was filed more than 14 days after Defendant's sentence was imposed, does not seek to correct "arithmetical, technical, or other clear error," was not filed by the government, and does not seek a reduction based on "substantial assistance."  See 18 U.S.C. § 3582(c); Fed. R. Crim. P. 35(a)–(b).  Defendant has not argued that the "fast track programs" he mentions in his Motion concern the retroactive reduction of a sentencing range in the Sentencing Guidelines, and the Court is not aware of any relevant changes in the Sentencing Guidelines that allow a sentence reduction based on the circumstances here.  See 18 U.S.C. § 3582(c)(2).  The Court thus concludes that it lacks jurisdiction to modify Defendant's sentence, and Defendant's Motion for Reduction of Sentence is required to be denied.  See Phillips, 597 F.3d at 1194–95; see also United States v. Barasena-Brito, 374 F. App'x 951, 951 (11th Cir. 2010) (holding that the district court lacks jurisdiction to decide a motion to reduce a sentence where the basis for the motion is not provided for in 18 U.S.C. § 3582(c) or Rule 35).

III.    **CONCLUSION**

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant's Motion for Reduction of

Sentence [105] is **DENIED**.


**SO ORDERED** this 3rd day of September, 2013.


WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

4